IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

Dec 30 11 42 AM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | |
|---|---|
| THOMAS L. FRANKS,<br>Plaintiff,<br>vs.<br>THE STANLEY WORKS,<br>Defendant. | **REPORT OF PARTIES' PLANNING MEETING**<br>Civil Action No.: 3:03CV01357 (EBB)<br>December 29, 2003 |

Date Complaint Filed: August 7, 2003

Date Complaint Served: August 2003

Date of Defendant's Appearance: August 29, 2003

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, conferences were held between November and December 2003. The participants were:

Janette Johnson, Esq. for Plaintiff Thomas L. Franks.

Steven D. Hurd, Esq. for Defendant The Stanley Works.

## I. CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

A. Subject Matter Jurisdiction

Both parties agree that the Court has subject matter jurisdiction over the instant matter. One of Plaintiff's causes of action is a federal cause of action under the ADEA raising a federal question. 28 U.S.C. §1331. Additionally, Plaintiff was a resident of Texas at the time of his allegations, and Defendants are residents of Connecticut. As such, both parties agree this court has subject matter jurisdiction based on diversity. 28 U.S.C. §1332. Further, both parties agree the Court has supplemental jurisdiction over Plaintiff's state law claims 28 U.S.C. §1367.

B. Personal Jurisdiction

The parties do not contest personal jurisdiction in this case.

## III. BRIEF DESCRIPTION OF CASE

A. Claims of Plaintiff:

Plaintiff Tom Franks served as President of Defendant's Mechanic Tools division until his forcible retirement on July 12, 2002, and all claims arise out of the employment relationship. He alleges that he was the victim of willful age and retaliation discrimination in the terms and conditions of his employment and in his forcible retirement, in violation of the ADEA and/or the FEPA. He also alleges that the company engaged in a breach of contract with respect to the vesting and/or retention of stock options and the denial of bonus and/or other benefits under the company's benefit plans including the company's Long Term Performance Award Plan and the Management Incentive Compensation Plan.

Additionally, Plaintiff alleges claims of fraud, promissory estoppel, negligent misrepresentation, and breach of the implied covenant of good faith and fair dealing in Defendant's failure to honor his stock options and the promises and representations made to him.

Finally, Plaintiff raises claims of wrongful forcible retirement and/or separation of employment in violation of public policy.

Plaintiff seeks the full range of damages accorded for such claims including all monetary, compensatory, punitive, liquidated damages, attorneys fees and costs as well as declaratory and injunctive relief.

B. Defenses and Claims of Defendant The Stanley Works

In January of 2001, Plaintiff was hired by Defendant as President of Mechanics Tools, reporting to Chairman and CEO John M. Trani in New Britain, Connecticut. At the time Plaintiff was hired he was sixty years old. On July 12, 2002, Plaintiff's employment with Defendant was terminated. Defendant denies Plaintiff's claims in his Complaint.

C. Defenses and Claims of Third Party Defendant/s:

N/A

## IV. STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Defendant is a Connecticut corporation with its principal place of business in New Britain, Connecticut.

2. Defendant employs more than twenty employees and is an employer within the meaning of the ADEA and the Connecticut Fair Employment Practices Act.

3. Plaintiff was employed by Defendant as President, Mechanics Tools and he reported to Chairman and CEO John M. Trani in New Britain, Connecticut.

4. John M. Trani is the Chairman and CEO of Defendant.

5. Jim Loree is the CFO of Defendant.

6. Mark Mathieu is the Vice President, Human Resources of Defendant.

7. Mr. Trani represented to Plaintiff that the President, Mechanics Tools position was one with division-wide responsibility and authority.

8. Plaintiff was told that he would have the opportunity to participate in Defendant's Long Term Performance Award Plan.

9. Plaintiff was eligible to participate in Defendant's Long Term Performance Award Plan and Corporate Management Incentive Compensation Program.

## V. CASE MANAGEMENT PLAN

### A. Standing Order on Scheduling in Civil Cases

The parties do request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

The parties request extensions of the six (6) month period from filing of the Complaint to complete discovery and the seven (7) month period to file summary judgment motions, as identified below.

### B. Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C. Early Settlement Conference:

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. The parties prefer a settlement conference with: N/A.

4. The parties are not in agreement with respect to a request for a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D. Joinder of Parties and Amendment of Pleadings

1. No joinder of parties or amendment of pleadings will be allowed.

E. Discovery

1. The parties will exchange Initial Disclosures by January 24, 2004.

2. The parties anticipate that discovery will be needed on the following subjects:

(a) Plaintiff's age discrimination claims;

(b) Plaintiff's breach of contract claims;

(c) Plaintiff's claim of fraud;

(d) Plaintiff's claim of promissory estoppel;

(e) Plaintiff's claim of negligent misrepresentation;

(f) Plaintiff's claim of wrongful termination/forcible retirement;

(g) Mitigation of Plaintiff's damages;

(h) Plaintiff's factual allegations in his Original Complaint; and

(i) All defenses asserted by Defendant.

3. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by January 1, 2004 and completed (not propounded) by August 31, 2004.

4. Discovery will not be conducted in phases.

5. Discovery will be completed by August 31, 2004.

6. The parties anticipate that the plaintiff will require a total of 10 depositions of fact witnesses and that the defendant will require a total of four depositions of fact witnesses. The depositions will commence on or about January 26, 2004 and be completed by August 31, 2004.

7. The Defendant does not request permission to serve more than 25 interrogatories, the Plaintiff may request permission to serve more than 25 interrogatories although they do not do so at this time, and Defendant reserves its right to oppose any such request by Plaintiff.

8. Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by June 15, 2004. Depositions of any such experts will be completed by July 15, 2004.

9. Defendant may call expert witnesses at trial, and respectfully reserves the right to call expert witnesses if it later learns through discovery that an expert is needed as part of its defense. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by July 31, 2004. Depositions of such experts will be completed by August 31, 2004.

10. A damages analysis will be provided by any party who has a claim or counterclaim for damages by June 30, 2004.

F. Dispositive Motions:

Dispositive motions will be filed on or before September 30, 2004.

G. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed, if necessary, within two (2) months of an Order by the Court on all dispositive motions.

## VI. TRIAL READINESS

The case will be ready for trial within three (3) months of an Order by the Court on all dispositive motions.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

JANETTE JOHNSON, ESQ.
Janette Johnson & Associates
2601 Welborn Street
Dallas, Texas 75219
Tel.: (214) 522-4090
Facsimile: (214) 522-4092

Date: December 22, 2003

By ______________________
Janette Johnson, Esq. (CT25151)

And

GARRISON, LEVIN-EPSTEIN, CHIMES & RICHARDSON
405 Orange Street
New Haven, Connecticut 06511
Tel.: (203) 777-4425
Facsimile: (203) 776-3965
Joseph D. Garrison (CT04132)
Robert A. Richardson (CT09818)

ATTORNEYS FOR PLAINTIFF THOMAS L. FRANKS

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
Tel.: (212) 545-4000
Facsimile: (212) 972-3213

Date: December 23, 2003

By ______________________
Elise M. Bloom, Esq. (CT 01451)
Steven D. Hurd, Esq. (CT 22010)

ATTORNEYS FOR DEFENDANT

H:\TrocchioL\Stanley Works\Franks\Legal\Form 26(f) - Report of Parties' Planning Meeting.VERSION 2.DOC

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of December 2003, I caused a true and correct copy of the fully executed Report of Parties' Planning Meeting, to be served on Plaintiff's counsel, Janette Johnson, Esq., Janette Johnson & Associates, 2601 Welborn Street, Dallas, Texas 75219, via federal express.

Steven D. Hurd, Esq.